**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OLYMPIC COMMITTEE and THE INTERNATIONAL OLYMPIC COMMITTEE,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOES 1-10,<br><br>    Defendants. | No. C 08-03514 JSW<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Now before the Court is Plaintiffs' *ex parte* application for a temporary restraining order ("TRO") and order to show cause re issuance of a preliminary injunction. The allegations supporting the motion are set forth in the Complaint and the memorandum in support of the request that the Court issue a temporary restraining order, and shall not be repeated here. In brief, among other alleged wrongs, Plaintiffs assert that Defendants are using Plaintiffs' trademarks on seven websites in order to solicit purchases of tickets to the 2008 Olympic Games that they are not authorized to sell. Plaintiffs further allege that it is likely that Defendants will not actually provide any tickets to those customers who paid for them.

Defendants have not yet appeared. Although lack of personal jurisdiction is a defense that may be waived by a party, the Court has an obligation to consider this issue *sua sponte* before entering an order against an absent defendant. *See In re Tuli,* 172 F.3d 707, 712 (9th Cir.1999) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction."); *see also Dennis Garberg & Assocs. v.*

*Pack-Tech Int'l Corp.,* 115 F.3d 767, 772 (10th Cir.1997) ("Defects in personal jurisdiction ... are not waived by default when a party fails to appear or to respond.... Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, *the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties*.") (emphasis in original). The Court finds that personal jurisdiction here is lacking.

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800-801 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id*. at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

To evaluate the nature and quality of a defendant's contacts for the purposes of specific jurisdiction, courts use a three-part test: (1) some action must be taken whereby the defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *see also Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir. 1984). In order to establish purposeful availment, the defendant must have

1  committed an intentional act which was both expressly aimed at and which caused harm in the
2  forum state. *Panavision International v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). As the
3  party bringing this action, Plaintiffs "bear[] the burden of demonstrating that jurisdiction is
4  appropriate." *Schwarzenegger*, 374 F.3d at 800.

5        Plaintiffs assert that specific personal jurisdiction exists as a result of the transaction
6  between the private investigator they hired and Defendants. Plaintiffs hired Kai Lintumaa to
7  investigate matters relating to this case. (Declaration of Kai Lintumaa, ¶ 1.) As part of his
8  investigative duties, Lintumaa visited one of Defendants' websites and paid for tickets to the
9  Olympics. (*Id.*, ¶¶ 2-4.) Plaintiffs claims against Defendants are for unauthorized use of the
10 Olympic Marks, trademark infringement, false designation of origin, false advertising, and
11 cybersquatting under the Lahmam Act, and common law trademark infringement, unfair
12 competition and false advertising under California Law. Because the gravamen of such claims
13 involve deceiving and confusing customers, courts considering similar claims have rejected
14 attempts by plaintiffs to manufacture contacts with the forum state by having an agent purchase
15 the alleged infringing products. *See Millennium Enterprises, Inc. v. Millennium Music, LP*, 33
16 F. Supp. 2d 907, 911 (D.Or. 1999) (finding exercise of personal jurisdiction in infringement
17 action inappropriate where sole contact with forum was a purchase solicited by an acquaintance
18 of plaintiff's counsel and purchaser "knew exactly with whom she was dealing and knew that
19 defendants were not in any way associated with plaintiff"); *see also Mattel, Inc. v. Anderson*,
20 2005 WL 1690528, *2 (S.D.N.Y. July 18, 2005) (finding purchase by plaintiff's private
21 investigator was insufficient to establish personal jurisdiction with respect to infringement
22 action because investigator "[could] not claim to have been confused as to with whom he was
23 dealing."); *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81 (E.D.N.Y 2006).

24       Similarly here, Lintumaa "knew exactly with whom [he] was dealing and knew that
25 defendants were not in any way associated with plaintiff." *See Millennium Enterprises*, 33 F.
26 Supp. 2d at 911. Accordingly, the Court finds Defendants' contacts with Lintumaa are
27 ///
28 ///

1  insufficient to establish personal jurisdiction and thus DENIES Plaintiff's application for a
2  TRO. The Court also DENIES Plaintiffs' request for expedited discovery.
3  **IT IS SO ORDERED.**

5  Dated: July 25, 2008

   JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE