1  DALE M. CENDALI-dCENDALI@omm.com
   DIANA M. TORRES (S.B. #162284)-dtorres@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA  90071-2899
   Telephone:   (213) 430-6000
4  Facsimile:   (213) 430-6407

5  Attorneys for Plaintiffs
   The United States Olympic Committee and
6  the International Olympic Committee

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

| 12 | The United States Olympic Committee and the International Olympic Committee, | Case No. C 08-03514 JSW |
|---|---|---|
| 14 | Plaintiffs, | PLAINTIFFS' *EX PARTE* MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, RENEWED *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AGAINST DOMAIN NAMES |
| 15 | v. | |
| 16 | Xclusive Leisure & Hospitality Ltd.; Beijingticketing.com; 2008-0lympics.com; Beijingolympic2008tickets.com; Beijingolympictickets2008.com; Olympic-tickets.net; Olympicticketsbeijing2008.com; Does 1-10, inclusive, | |
| 20 | Defendants. | |

                              PLS' EX PARTE MOT FOR
                              RECONSIDERATION, OR IN THE ALT,
                              RENEWED APP FOR TRO

Plaintiffs, the United States Olympic Committee and the International Olympic Committee, hereby move the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Civil Local Rule 7-9 for reconsideration of this Court's July 25, 2008, Order denying Plaintiffs' motion for a temporary restraining order. In the alternative, pursuant to Civil Local Rules 7-10 and 65-1, Plaintiffs renew their motion for temporary restraining order based on their First Amended Complaint, which names six domain names, which constitute property residing in this District, as defendants under the *in rem* jurisdiction provision of the Anti-Cybersquatting Consumer Protection Act.

This *Ex Parte* Application is brought on shortened notice to Defendants because Defendants' unlawful conduct directed against others threatens Plaintiffs with irreparable harm before this matter could be heard on regular notice. Plaintiffs have provided proper notice of this *Ex Parte* Application to Defendants as required by Federal Rule of Civil Procedure 5(b). Plaintiffs have also provided notice of this *Ex Parte* Application to Defendants by email to their website, www. beijingticketing.com, at sales@beijingticketing.com, a working email address from which Defendants have communicated deceptive statements to unwitting consumers.

The *Ex Parte* Application is based on the Application itself, the attached Memorandum of Points and Authorities, the newly submitted Declarations of Fei Long, Lan Pei, "Alice" Yu-Ping Chen and Mary Davis, the previously submitted Declarations of Howard M. Stupp, Richard Burton, Peter Mueller, David Plotts, Thomas Dunbar, Kai Lintumaa, and Courtney Schneider, the pleadings, records, and files herein, and such other matters as the Court may deem proper.

Dated: July 29, 2008         O'MELVENY & MYERS LLP


By: /s/ Diana M. Torres
        Diana M. Torres
*Attorneys for Plaintiffs
The International Olympic Committee and
the United States Olympic Committee*

DALE M. CENDALI-dCENDALI@omm.com
DIANA M. TORRES (S.B. #162284)-dtorres@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Plaintiffs
The International Olympic Committee and
the United States Olympic Committee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| The United States Olympic Committee and The International Olympic Committee,<br><br>Plaintiffs,<br><br>v.<br><br>Xclusive Leisure & Hospitality Ltd.; Beijingticketing.com; 2008-0lympics.com; Beijingolympic2008tickets.com; Beijingolympictickets2008.com; Olympic-tickets.net; Olympicticketsbeijing2008.com; Does 1-10, inclusive,<br><br>Defendants. | Case No. C 08-03514 JSW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, RENEWED *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AGAINST DOMAIN NAMES |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

In its July 25, 2008, Order ("Order"), this Court denied the *ex parte* motion for temporary restraining order and expedited discovery filed by Plaintiffs. In doing so, the Court found only that the Court lacked personal jurisdiction over the defendants, all of whose identities were then unknown. The Court based that ruling of lack of jurisdiction on the fact that Plaintiffs' investigator, Kai Lintumaa, was the only declarant who resided in the forum but that he was not deceived by Defendants when he purchased tickets from one of Defendants' infringing websites.

The point of Mr. Lintumaa's declaration, however, was not to establish that deception had taken place in the forum. Rather, Mr. Lintumaa's declaration was submitted to establish that the defendants' activities were aimed at the forum – as indeed they willingly took his money – such that they should expect to be haled into Court here. Moreover, as Plaintiffs' alleged in their complaint, the defendants, one of whom has now been identified as Xclusive Leisure & Hospitality Ltd. ("XLH"), purposefully availed themselves of this forum when they decided to contract on an ongoing basis with ServePath to host six of the infringing websites: olympic-tickets.net, beijingticketing.com, beijingolympic2008tickets.com, beijingolympictickets2008.com, olympicticketsbeijing2008.com, and 2008-0lympics.com.[1] *See* Complaint ¶ 6; First Amended Complaint ¶ 13; Supplemental Declaration of Courtney Schneider ("Schneider Decl."), Ex. A. ServePath's headquarters and data centers that house its webhosting servers are located in San Francisco, California. Schneider Decl., ¶ 2, Ex. B. These ongoing hosting agreements alone are sufficient to bring XLH within California's long-arm statue and this Court's jurisdiction, thus warranting reconsideration of the Court's Order.

In addition, since this Court denied Plaintiffs' temporary restraining order,

---

[1] Of Defendants' websites, only www.buy-olympic-ticket.co.uk is not hosted by ServePath and not on VeriSign, Inc.'s registry.

MEMO OF P'S & A'S ISO PLS' EX PARTE
MOT FOR RECONSIDERATION, OR IN
THE ALT, RENEWED APP FOR TRO

numerous victims of Defendants' fraud have come forward, establishing that people in the forum have, in fact, been deceived and suffered harm from Defendants' activities. For example, in late April, 2008, Fei Long, a resident of Simi Valley, California, discovered Defendants' website online, thought it was an official ticket agent because of the presence of Plaintiffs' logos, purchased tickets from beijingticketing.com, and has never received tickets. Similarly, in December, 2007, Lan Pei, a resident of San Mateo, California, also completed a purchase transaction on Defendants' website, believing it to be an official source of tickets, but has not received any tickets. And, "Alice" Yu-Ping Chen, a resident of Palo Alto, California, also used Defendants' website, believing it to be a source of legitimate tickets to the Olympic Games, but has not received the tickets she ordered on behalf of the law firm for which she works. Fei Long, Lan Pei and "Alice" Yu-Ping Chen – among other California residents and non-residents – contacted Plaintiffs or Plaintiffs' counsel, after learning of this matter. These new facts provide sufficient new evidence to warrant reconsideration of the Court's Order.

To eliminate any doubt about this Court's jurisdiction, however, Plaintiffs have now amended their complaint to name the six websites hosted by ServPath under the *in rem* jurisdiction provision of the Anti-Cybersquatting Consumer Protection Act, 15 § U.S.C. 1125(d) ("ACPA").[2] Therefore, should for some reason the Court deny reconsideration, Plaintiffs, in the alternative, renew their *ex parte* application for a temporary restraining order under the ACPA based on their amended complaint naming as defendants *in rem* the following domain names: olympic-tickets.net, beijingticketing.com, beijingolympic2008tickets.com, beijingolympictickets2008.com, olympicticketsbeijing2008.com, and 2008-0lympics.com and ask that the Court order that those domain names be transferred to the Court's custody. To avoid burdening the Court with more briefs, Plaintiffs rely on Sections I, II, III.E, IV and V of their previously-filed memorandum of points and authorities to support their alternative, renewed motion for

---

[2] The allegations concerning jurisdiction over these domain names is set forth in paragraphs 12 - 14 of the First Amended Complaint and is supported by the exhibits attached to the accompanying declaration of Courtney Schneider.

- 2 -  MEMO OF P'S & A'S ISO PLS' EX PARTE MOT FOR RECONSIDERATION, OR IN THE ALT, RENEWED APP FOR TRO

1  temporary restraining order under the ACPA against the Domain Name defendants, as
2  well as the points and authorities set forth herein and the declarations submitted in
3  connection with both the original motion and this motion.

## II. ARGUMENT

### A. This Court Should Reconsider Its Ruling That It Lacks Jurisdiction Over XLH And The Doe Defendants Because Of Their Ongoing Business Contacts With Servepath And The Newly Discovered California Victims Of Defendants' Fraud

"[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (Ginsburg, J., diss.); Fed. R. Civ. P. 54(b) (an order or decision may be revised at any time prior to entry of judgment). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In this case, Plaintiffs can show both clear error and newly discovered evidence.

First, under well-established case law, defendants have sufficient contacts with the forum to establish jurisdiction here. As the Ninth Circuit has explained, the "exercise [of] personal jurisdiction over a nonresident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and whether assertion of such jurisdiction accords with constitutional principles of due process." *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). California courts have interpreted the state's long arm statute, Cal. Code Civ. Pro. § 410.10, as authorizing "broadest possible jurisdiction, limited only by constitutional considerations." *Sibley v. Sup. Ct.,* 16 Cal. 3d 442, 445 (Cal. 1976); *In re Auto. Antitrust Cases I & II*, 135 Cal. App. 4th 100, 108 (Cal. Ct. App. 2005). Therefore, the sole inquiry is whether the exercise of jurisdiction over Defendants comports with constitutional due process. *See Damodar Bulk Carriers, Ltd. v. M/V Damodar Tanabe*, 903 F.2d 675, 679 (9th Cir. 1990).

1   The "constitutional touchstone" of whether the exercise of personal jurisdiction comports with principles of due process is "whether the defendant purposefully established minimum contacts in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). The "minimum contacts" standard can be met in either of two ways. First, a nonresident defendant is subject to general jurisdiction when its contacts with the forum are so "systematic and continuous" that the defendant could reasonably be haled into court even when the cause of action does not arise out of or relate to the defendant's activities in the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Second, a court may exercise "specific jurisdiction" if "the defendant has purposefully directed his activities at the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal quotations and citations omitted); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir, 1990).

The exercise of jurisdiction over Defendants by this Court satisfies due process under either test. First, by deciding to host six of their websites with ServPath, a web hosting company located in San Francisco that hosts those websites to this day, Defendants have purposefully availed themselves of the privilege of conducting activities in this forum. Under *Helicopteros Nacionales de Colombia,* this ongoing contract constitutes the "systematic and continuous" contacts with the forum that subject XLH and the remaining Doe Defendants to general jurisdiction in California.

Even if their ongoing contracts with ServePath did not suffice to confer general jurisdiction, those contracts, along with the newly discovered victims of Defendants' fraud, would be sufficient to confer specific jurisdiction. These victims, and likely many others,[3] are located in the State of California and purchased -- or so they thought -- tickets

---

[3] Since this weekend, Plaintiffs and their counsel have been contacted by numerous other victims of Defendants' fraud, including by other victims who have identified themselves as residents of northern California. Because of the continuing harm and the time, expense

- 4 -

MEMO OF P'S & A'S ISO PLS' EX PARTE
MOT FOR RECONSIDERATION, OR IN
THE ALT, RENEWED APP FOR TRO

from Defendants through BeijingTicketing.com, one of the websites hosted by Defendants.[4] *See* Declaration of Fei Long (who lives in Simi Valley, California, and was defrauded by Defendants); Declaration of Lan Pei (who lives in San Mateo, California, and was similarly defrauded); Declaration of "Alice" Yu-Ping Chen (who lives in Palo Alto, California). Like the others who submitted declarations in support of Plaintiffs' motion for temporary restraining order, these individuals saw the Olympic logos and ordered tickets, thinking that they were ordering from an official ticket agent; like the others, however, they too have received nothing and their phone calls and emails have gone unanswered. *See* Fei Long Decl.; Lan Pei Decl; "Alice" Yu-Ping Chen Decl. As Defendants are deceiving residents of the State of California, through websites they have chosen to host in California, they are thus causing harm in California and cannot reasonably be surprised at getting haled into Court here. *See Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). In light of well-established law, these new declarants provide the sufficient "new facts" to warrant reconsideration of the Court's ruling that personal jurisdiction over XLH (formerly a Doe defendant) and the other Doe Defendants is lacking.

     **B.**   **Even If *In Personam* Jurisdiction Is Lacking Over XLH And The Doe Defendants, The Court May Exercise *In Rem* Jurisdiction Over Six Of Their Domain Names.**

Under the ACPA, the owner of a mark may file an *in rem* civil action against a domain name in the judicial district in which the domain name registry is located if (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under section 43(a) or 43(c) of the Lanham Act; and (ii) the Court finds that the owner is not able to obtain *in personam* jurisdiction over a person who registered, trafficked in or used the domain name(s) at issue. 15 U.S.C. §1125(d)(2);

---

and logistical challenges in acquiring so many declarations, however, Plaintiffs have submitted declarations from only some of those who have come forward. Plaintiffs can, however, provide additional declarations if necessary.

[4] As set forth more fully in the Declaration of Kai Lintumaa, BeijingTicketing.com, referred to in Plaintiffs' motion for temporary restraining order as the "Primary Website," serves as the website through which the purchase transactions for all of Defendants' websites are made.

1  *Office Depot, Inc. v. John Zuccarini*, No. C 06-mc-80356 SI, 2007 U.S. Dist. Lexis 69774,
2  *13 (N.D. Cal. September 11, 2007).

3  Under this prong of the ACPA, Plaintiffs are entitled to assert *in rem* jurisdiction over six of the domain names at issue: olympic-tickets.net, beijingticketing.com, beijingolympic2008tickets.com, beijingolympictickets2008.com, olympicticketsbeijing2008.com, and 2008-0lympics.com. It is incontrovertible that VeriSign, Inc. maintains the official registry for all .com and .net domain names. *Zuccarini*, 2007 U.S. Dist. Lexis 697, at *7 (citing Coalition for ICANN Transparency, Inc. v. VeriSign, Inc., 464 F. Supp. 2d 948, 951-53 (N.D. Cal. 2006)); Schneider Decl., Ex. C. VeriSign is located in Mountain View, California. Schneider Decl. ¶ 3, Ex. C. Five of the six domain names listed above have .com extensions and the other has a .net extension. Therefore, these six domain names are each registered with VeriSign and are property residing in Northern California. *Zuccarini*, 2007 U.S. Dist. Lexis 69774, *13. As set forth more fully in their memorandum of points and authorities in support of their renewed motion for temporary restraining order, each of these domain names violates Plaintiffs' rights in their validly-owned trademarks, which are protected by the Lanham Act. (See Memorandum of Points and Authorities at 12-16.) This Court's Order, unless reconsidered, effectively holds that Plaintiffs are not able to obtain *in personam* jurisdiction over XLH and the other Doe Defendants. Accordingly, the Court has *in rem* jurisdiction over the six domain names listed above, and Plaintiffs are entitled to a temporary restraining order against those domain names under the ACPA.[5]

---

[5] At the hearing on July 24, 2008, the Court expressed concern about the First Amendment rights of Defendants. Plaintiffs submit that under the holdings of *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 561 (1980) (defining commercial speech and holding there is no First Amendment protection for fraudulent or inherently deceptive speech) and *United States v. Schiff*, 379 F.3d 621, 630 (9th Cir. 2004) (applying *Central Hudson*), the websites, in their entirety constitute nothing more than deceptive, fraudulent advertising, and XHL and the Doe Defendants have no protectable First Amendment right to use Plaintiffs' trademarks and deceive the public. Therefore, the Order Plaintiffs requested in connection with the original motion for temporary restraining order did not unconstitutionally impinge on Defendants' First Amendment

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this motion for reconsideration be granted or, in the alternative, that the Court grant Plaintiffs' renewed *ex parte* application for temporary restraining order under the ACPA against the six domain names for which Plaintiffs can assert *in rem* jurisdiction so that Defendants' deception can be stopped.

Dated: July 29, 2008                                O'MELVENY & MYERS LLP

By: /s/ Diana M. Torres
    Diana M. Torres
    *Attorneys for Plaintiffs*
    *The International Olympic Committee and*
    *the United States Olympic Committee*

---

rights. Moreover, under the ACPA, the First Amendment does not offer protection to any website with indicia of a bad faith intent to profit from the use of an infringing domain name. 15 U.S.C. § 1125(d)(1)(B)(ii); *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 788 (8th Cir. 2004); *accord E. & J. Gallo Winery v. Spider Webs, Ltd.*, 286 F.3d 270 (5th Cir. 2002); *see also Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. Cal. 2005) (agreeing with *Coca-Cola's* reliance on the ACPA's bad faith intent to profit). Therefore, the transfer of the domain names under the ACPA impacts only Defendants' use of the specific domain names, and does not impact any protectable "speech" at all.