IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OLYMPIC COMMITTEE and THE INTERNATIONAL OLYMPIC COMMITTEE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOES 1-10,<br><br>　　　　Defendants.<br>_____/ | No. C 08-03514 JSW<br><br>**ORDER SETTING BRIEFING SCHEDULE AND HEARING ON *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

　　　　This matter comes before the Court upon consideration of Plaintiffs' renewed *ex parte* application for a temporary restraining order ("TRO") and order to show cause re issuance of a preliminary injunction. The allegations supporting the motion are set forth in the Amended Complaint and the memorandum in support of the request that the Court issue a temporary restraining order, and shall not be repeated here. In brief, among other alleged wrongs, Plaintiffs assert that Defendants are using Plaintiffs' trademarks on seven websites in order to solicit purchases of tickets to the 2008 Olympic Games that they are not authorized to sell. Plaintiffs further allege that it is likely that Defendants will not actually provide any tickets to those customers who paid for them.

　　　　Plaintiffs are HEREBY ORDERED to serve a copy of this Order on Defendants via email by no later than 1:00 p.m. on July 30, 2008 and file a proof of service by no later than 3:30 p.m. on July 30, 2008.

It is FURTHER ORDERED that Defendants shall file and serve any opposition to Plaintiffs' application for a TRO by 3:30 p.m. on July 31, 2008.  Defendants shall deliver chambers copies of any documents they file by no later than 4:00 a.m. on July 31, 2008.

It is FURTHER ORDERED that a hearing on Plaintiffs' application for a TRO shall be heard on Monday, August 4, 2008 at 2:30 p.m.  At the hearing, the parties should be prepared to answer the following questions:

(1) Upon review of the exhibits displaying the websites at issue, the Court notes that there are aspects of the websites which do not appear to be selling tickets, such as the sections entitled "Facts About Summer Olympics 2008" and "Sporting and Events Calendar Beijing 2008."  The Court has concerns that issuing an injunction directing Defendants to forfeit and cease operating the websites at issue may be a prior restraint.

    (a) Do the parties have any authority demonstrating that such an injunction would or would not be a prior restraint?

    (a) If the injunction sought by Plaintiffs does amount to a prior restraint, should the proposed injunction be more narrowly tailored to direct Defendants to excise the alleged infringing and unlawful portions of the websites but allow Defendants to retain their websites to the extent there are portions which do not use Plaintiffs' trademarks and do not seek to sell tickets to the Olympics?

(2) Have Plaintiffs satisfied the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii) enabling them to file an in rem action?

**IT IS SO ORDERED.**

Dated: July 30, 2008

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE  
by the Honorable Phyllis J. Hamilton