DALE M. CENDALI (admitted for all purposes 11/30/93)
DIANA M. TORRES (State Bar No. 162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
dtorres@omm.com

Attorneys for Plaintiffs
The United States Olympic Committee and
the International Olympic Committee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States Olympic Committee and the International Olympic Committee,<br><br>    Plaintiffs,<br><br>v.<br><br>Xclusive Leisure & Hospitality Ltd.; Beijingticketing.com; 2008-0lympics.com; Beijingolympic2008tickets.com; Beijingolympictickets2008.com; Olympic-tickets.net; Olympicticketsbeijing2008.com; Does 1-10, inclusive,<br><br>    Defendants. | Case No. C 08-01345- JSW<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER AND TO CONTINUE PRELIMINARY INJUNCTION HEARING**<br><br>Date: August 13, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White |

Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, the Court, for good cause shown, may extend the Temporary Restraining Order (Doc. # 17) for a maximum of 20 days from the date the Order was issued.  *See Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).  There is very little case law on what constitutes good cause for purposes of Rule 65(b)(2).  However, in *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1260 (D. Kan. 2001), the court stated:

> A leading treatise offers "although there does not seem to be any case law on what constitutes 'good cause' for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." 11A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure*, § 2953 p. 279 (1995).  In *S.E.C. v. Comcoa Ltd.*, 887 F. Supp. 1521, 1526 n. 7 (S.D. Fla. 1995), "good cause" was the court's need for "time to fully consider the various arguments and motions of the parties."  In other contexts, the "good cause" standard focuses on the diligence of the party seeking the change who "must show that despite due diligence it could not have reasonaby met the scheduled deadlines."  *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

Plaintiffs easily meet the "good cause" requirement as described above. First, the grounds for originally granting the temporary restraining order still exist: the Beijing Games are ongoing and there remains a significant likelihood that consumers could be defrauded.  In fact, on the homepages of Defendants' websites, Defendants promised to offer tickets to the 2010 Olympic Games in Vancouver when they became available.  Declaration of Kai Lintumaa In Support of Plaintiffs' Application for Temporary Restraining Order ("Lintumaa Dec."), Ex. A.

Second, under the requirements of Rule 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party."  Despite due diligence by Plaintiffs, Plaintiffs have to yet to acquire information sufficient to locate and contact Defendants that would satisfy this notice requirement.  On August 4, 2008, immediately upon receipt of the Court's Temporary Restraining Order, Plaintiffs

1  sent the Court's Order attached to a letter by email to eNom Inc. and VeriSign, Inc.
2  seeking a registrar's hold on and the identity of the owners of the domain names,
3  <u>olympic-tickets.net</u>, <u>beijingticketing.com</u>, <u>beijingolympic2008tickets.com</u>,
4  <u>beijingolympictickets2008.com</u>, <u>olympicticketsbeijing2008.com</u>, <u>2008-</u>
5  <u>0lympics.com</u>; and <u>buy-olympic-tickets.co.uk</u>.  On August 5, 2008, eNom sent an
6  email to Plaintiffs' counsel confirming that they had placed a registrar's hold on all
7  of the websites except for the .co.uk website and sending the whois information
8  they had on file identifying the owner of the relevant domain names.  *See* Exhibit
9  A.  The email provided that the owner of the domain names was XLH, Suite 700,
10 2415 East Camelback Road, Phoenix, AZ.
11        This is a nonexistent address, however.  Lintumaa Dec., ¶ 14.  On July 22,
12 2008 Plaintiffs' counsel attempted serving Defendants with the Complaint and
13 Plaintiffs' Ex Parte Application for Temporary Restraining Order at the East
14 Camelback Road address, but the papers were returned as undeliverable to that
15 address.  Plaintiffs had been serving their pleadings and the Court's orders to
16 sales@beijingticketing.com, but that address is now disabled.[1]  eNom reported that
17 the email address for XLH was bulkregisterdomains@gmail.com, but this, too,
18 suggests a false address.
19        Plaintiffs' counsel contacted the compliance departments of eNom Inc.,
20 VeriSign, Inc. and ServePath to determine what, if any, identifying information
21 these entities kept on file relating to domain name registrants.  As a result, on
22 August 8, 2008, Plaintiffs served subpoenas to eNom Inc., VeriSign, Inc. and
23 ServePath seeking contracts and billing information which could lead to the identity
24 of the persons or entities behind the XLH front.
25        Plaintiffs have recently obtained information from other sources that the
26 websites are operated by persons or entities doing business as Xclusive Leisure &

---

[1] The email address appears to have been disabled the morning before this Court issued the temporary restraining order.  Meninsky Dec. ¶¶ 2, 4, Ex. B.

CASE NO. C 08-01345- JSW            - 2 -            MEMO ISO MTN FOR EXT OF TRO AND CONTINUE HEARING

Hospitality Ltd. whose registered address is c/o B and C Associates, Trafalgar House, Grenville Place, Mill Hill, London, England NW7 3S. Declaration of Carla Meninsky In Support of Plaintiff's Motion For Extension ("Meninsky Dec.") ¶ 6. Xclusive Leisure & Hospitality Ltd lists its trading address to be 202 Blackfriars Road, London SE1 8NJ, however, this is in fact an accommodation address[2] or mail drop. Id., ¶¶ 5, 6, Ex. C. The address given for Alan Thomas Scott, who is listed as the sole director of the English company, Xclusive Leisure & Hospitality Ltd, and its associated company, Xclusive Tickets Limited, remains to be investigated. Id., ¶¶ 3, 6, Ex. A. Plaintiffs have yet to verify this information through documents obtained through the subpoenas.

Without the Court's ability to properly notice Defendants, Plaintiffs are prejudiced as they are prevented from obtaining the injunctive relief they seek. The Court's Order expires August 14, 2008. The multiple false addresses associated with Xclusive Leisure & Hospitality Ltd, have conspired to prevent Plaintiffs from obtaining the necessary identifying information in time for the injunction hearing on August 13, 2008.

For the foregoing reasons, Plaintiffs respectfully suggest that good cause exists for the Court to extend the Temporary Restraining Order and continue the hearing. The grounds for originally granting the Temporary Restraining Order continue to exist. And, Plaintiffs, despite due diligence, have been unable to ascertain the location and identity of the owner of the disputed domain names. Accordingly, Plaintiffs respectfully request that the Court extend the Temporary Restraining Order for 20 days from the date of its issuance and likewise continue the hearing on the preliminary injunction.

---

[2] From Wikipedia: "**Accommodation address** is a term used mostly in the United Kingdom to denote a location where mail can be delivered in the name of a person or business for retrieval… The popular notion of an accommodation address is a small, seedy shop whose owner accepts mail for people for a weekly fee."

Dated: August 8, 2008

O'MELVENY & MYERS LLP

By:/s/ Diana M. Torres
    Diana M. Torres
Attorneys for Plaintiffs
The United States Olympic Committee and the International Olympic Committee

SF1:724379.3