1  DALE M. CENDALI (admitted for all purposes 11/30/93)
   DIANA M. TORRES (State Bar No. 162284)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
4  Facsimile:   (213) 430-6407
   dtorres@omm.com
5
   CARLA MENINSKY (State Bar No. 233470)
6  O'MELVENY & MYERS LLP
   Embarcadero Center West
7  275 Battery Street, Suite 2600
   San Francisco, CA 94111-3305
8  cmeninsky@omm.com

9  Attorneys for Plaintiffs
   The United States Olympic Committee and
10 the International Olympic Committee

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States Olympic Committee and the International Olympic Committee,<br><br>             Plaintiffs,<br><br>   v.<br><br>Xclusive Leisure & Hospitality Ltd.; Beijingticketing.com; 2008-0lympics.com; Beijingolympic2008tickets.com; Beijingolympictickets2008.com; Olympic-tickets.net; Olympicticketsbeijing2008.com; Does 1-10, inclusive,<br><br>             Defendants. | Case No. C 08-03514 JSW<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **MOTION FOR LEAVE TO SERVE BY ALTERNATIVE MEANS**<br><br>Date:    August 22, 2008<br>Time:   9:00 a.m.<br>Judge:  Hon. Jeffrey S. White |

1   Through this motion, Plaintiffs, the United States Olympic Committee and the
2   International Olympic Committee, seek the right to serve Defendants by alternative
3   service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Rule 4(f)(3)
4   permits service in a place not within any judicial district of the United States "by other
5   means not prohibited by international agreement, as the court orders."[1]  Service of
6   process under Rule 4(f)(3) is available "without first attempting service by other
7   means" and is neither a "last resort" nor "extraordinary relief." *Rio Properties, Inc. v.*
8   *Rio International Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (allowing service by
9   email on a foreign Internet business entity that structured its affairs so that it could be
10  contacted only by email). In short, "Rule 4(f)(3) is an equal means of effecting service
11  of process under the Federal Rules of Civil Procedure" and "the task of determining
12  when the particularities and necessities of a given case require alternate service of
13  process under Rule 4(f)(3)" is committed "to the sound discretion of the district court."
14  *Id.* at 1016. To petition for relief under Rule 4(f)(3), Plaintiffs need only demonstrate
15  that the facts and circumstances necessitate the Court's intervention. *Id.* As discussed
16  herein, the facts and circumstances support the Court allowing Plaintiffs to serve
17  Defendants via email.
18  Plaintiffs sent an email to eNom Inc. and VeriSign, Inc. seeking the identity of
19  the owner of the domain names, olympic-tickets.net, beijingticketing.com,
20  beijingolympic2008tickets.com, beijingolympictickets2008.com,
21  olympicticketsbeijing2008.com, 2008-0lympics.com; and buy-olympic-tickets.co.uk.
22  On August 5, 2008, eNom replied, sending the whois information they had on file
23  purporting to identify the owner of the relevant domain names. *See* Exhibit A. The
24  document provided that the owner of the domain names was XLH, Suite 700, 2415
25  East Camelback Road, Phoenix, AZ.

---

[1] The United Kingdom, the country where Defendants may be located, is a signatory to the Hague Convention. However, the actual addresses of Defendants are unknown. The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown. 20 U.S.T. 361 (U.S.T.1969); *BP Products North America, Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006). Accordingly, no international agreement prohibits the method of service requested herein.

Plaintiffs are aware that this is a nonexistent address. *See* Declaration of Kai Lintumaa In Support of Plaintiffs' Application for Temporary Restraining Order ("Lintumaa Dec."). On July 22, 2008 Plaintiffs' counsel attempted serving Defendants with the Complaint and Plaintiffs' Ex Parte Application for Temporary Restraining Order at the East Camelback Road address, but the papers were returned as undeliverable to that address.

From information subsequently received in response to Plaintiffs' August 8, 2008 subpoenas, Plaintiffs learned the identity and email addresses of several individuals behind the XLH fraud: Alan T. Scott, Terence Shepherd, Geert VanMeel, Thomas Coleman, Lynne Matthews, and Mohammad Irfan. Declaration of Carla Meninsky ("Meninsky Dec."), ¶¶ 2, 3, 6. These persons have been paying for the domain names registered by XLH and for the webhosting services that support the websites. Plaintiffs also learned of several potential physical addresses, all of which are in the United Kingdom.[2] Plaintiffs have not had time to verify any of the address information of the individuals associated with the websites, however.

In the present case, Plaintiffs' only contact with Defendants has been via email, originally through sales@beijingticketing.com and then through bulkregisterdomain@gmail.com and beijingticketing@googlemail.com, when ServePath disabled the beijingticketing.com account on the morning of August 3, 2008.[3] Plaintiffs' counsel have – not surprisingly – received no response to their emails. However, ServePath, whose servers are used to host the websites, has been in regular communication with Mr. Irfan through email at Mohammad.Irfan@gmail.com. Meninsky Dec., ¶ 4. Thus, the only known reliable

---

[2] Plaintiffs have obtained information from the subpoenas and other sources that XLH, aka Xclusive Leisure & Hospitality Ltd., has a registered address of: c/o B and C Associates, Trafalgar House, Grenville Place, Mill Hill, London, England NW7 3S and a trading address of 202 Blackfriars Road, London SE1 8NJ. Meninsky Dec., ¶ 2. Plaintiffs have learned, however, this is in fact an accommodation address or mail drop.

[3] ServePath independently disabled the beijingticketing.com website in response to multiple phishing – email fraudulently soliciting bank account information – complaints. Meninsky Dec., ¶ 5.

1  communication tool available to contact Defendants and serve them with process is
2  email.  Accordingly, as the *Rio* court instructs, Plaintiffs respectfully suggest it is
3  appropriate to serve Defendants via email.

4  As the *Rio* court further instructs, even if the method of service is permitted
5  by Rule 4(f)(3), the method must comport with constitutional notions of due
6  process.  *Rio*, 284 F.3d at 1016.  To meet due process, the method must be
7  "reasonably calculated, under all circumstances, to apprise interested parties of the
8  pendency of the action and afford them an opportunity to present their objections."
9  *Id.* (citation omitted).  While Plaintiffs' emails to Defendants at
10 bulkregisterdomain@gmail.com  and beijingticketing@googlemail.com have
11 received no response, Plaintiffs have received successful delivery messages.
12 Meninsky Dec., ¶ 8.  Both Enom, the website's registrar, and ServePath,
13 Defendants' web hosting provider, list Mohammad.Irfan@gmail.com as the billing
14 email contacts for Defendants.  Meninsky Dec., ¶ 2, 6.  Accordingly, serving
15 Defendants via email to all of these email addresses is reasonably calculated to
16 apprise them of the action and afford them the opportunity to object.

17 For the foregoing reasons, Plaintiffs request that the Court authorize them to
18 serve Defendants via email at bulkregisterdomain@gmail.com,
19 beijingticketing@googlemail.com, and Mohammad.Irfan@gmail.com.  Plaintiffs
20 have shown that email is the only reliable method of communication and service of
21 process.  Plaintiffs also have shown that serving process via email is reasonably
22 calculated to apprise Defendants of the pending litigation.

23 Dated:  August 19, 2008

24 **O'MELVENY & MYERS, LLP**

25 By: /s/ Diana M. Torres

26 Attorneys for Plaintiffs
   The United States Olympic Committee and
27 the International Olympic Committee

28